UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-286-RJC

| MARTINEZ ORLANDIS BLACK, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) ORDER |
| LAWRENCE PARSONS, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration of Respondent's Motion to Dismiss Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion will be granted and Petitioner's Section 2254 petition will be dismissed.[1]

## I. BACKGROUND

On February 4, 2008, Petitioner was convicted of voluntary manslaughter and possession of a firearm by a felon following his jury trial in the Mecklenburg County Superior Court. Petitioner was found to be a habitual felon and sentenced accordingly. The trial court sentenced Petitioner to 130-165 months' imprisonment for conviction of voluntary manslaughter and a consecutive term of 130-165 months' imprisonment for conviction of being a felon-in-possession

---

[1] As Respondent notes, Lawrence Parsons is the present Administrator of Lanesboro Correctional Institution where Petitioner is housed. Administrator Parsons is therefore the proper party in interest and will be substituted for Richard Neely. See Rule 2 of the Rules Governing Section 2254 Proceedings and Fed. R. Civ. P. 25(d) (providing that when a public officer in an official capacity no longer serves in such a role, the "officer's successor is automatically substituted as a party.").

of a firearm. According to the website of the North Carolina Department of Public Safety, Petitioner is scheduled for release from custody on March 8, 2033.

On appeal, Petitioner argued (1) that the trial court erred in the admission of testimony of a witness after the witness was allowed to review a transcript of his police interview; (2) that the trial court erred in sentencing him as a habitual felon; and that the court erred in sentencing him in the aggravated range. On July 7, 2009, the North Carolina Court of Appeals rejected each of these contentions and upheld his criminal judgment in its entirety. State v. Black, 678 S.E.2d 689 (N.C. Ct. App. 2009); (Doc. No. 7-2). On October 8, 2009, Petitioner's notice of appeal from the decision of the court of appeals was dismissed by the Supreme Court of North Carolina. State v. Black, 685 S.E.2d 108 (N.C. 2009); (Doc. No. 7-3).

## II. DISCUSSION

### A. Statute of Limitations Defense

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A).

In his response, Respondent contends that Petitioner's Section 2254 petition should be dismissed because it falls outside this one-year statute of limitations. On October 8, 2009, the Supreme Court of North Carolina dismissed Petitioner's notice of appeal from the decision of the North Carolina Court of Appeals to affirm his criminal judgment. Petitioner did not apply for

2

further direct review and the State judgment became final 90-days after the North Carolina Supreme Court denied his petition, or on January 6, 2010 . See Sup. Ct. R. 13.1 (Supreme Court rules providing 90-days from entry of judgment to file a petition for a writ of certiorari); see also Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Under the AEDPA, Petitioner had one-year from January 6, 2010, to file a petition under Section 2254 challenging his criminal judgment. Petitioner's one-year time frame began to run on January 6th and ran for 149-days until June 4, 2010, the date Petitioner filed his motion for appropriate relief ("MAR") with the Mecklenburg County Clerk of Superior Court. The statute remained tolled during the pendency of Petitioner's MAR proceeding even after the superior court filed its denial of his MAR until June 18, 2010, and thereafter remained tolled until November 24, 2010, the date on which the North Carolina Court of Appeals denied his petition for a writ of certiorari to review the trial court's denial of his MAR. Black v. State of North Carolina, No. P10-844 (N.C. Ct. App. 2010) (unpublished). Petitioner's one-year time frame renewed its march toward expiration on November 24th with 149 days having already elapsed, and fully expired on Tuesday, June 28, 2011. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Petitioner filed the present Section 2254 petition at the earliest on April 23, 2012, the date on which Petitioner avers that he delivered his petition to prison authorities for mailing to the clerk of court. Houston v. Lack, 487 U.S. 266, 276 (1988). Given this date of mailing, it appears

that Petitioner's federal habeas petition is filed some 10 months outside the one-year statute of limitation as provided for under the express language of the AEDPA.

Following the filing of Respondent's Motion to Dismiss, the Court entered an Order advising Petitioner of the statute of limitations defense raised by Respondent and of his opportunity to file a response. (Doc. No. 8). Petitioner contends in his response that "not once during my state proceeding from initial 'MAR' [until] final review of the N.C. Supreme Court was appeal ruled by the State to be untimely." (Doc. No. 9). Petitioner contends this "is a ploy by the state not to fully answer my motion. Federal law states that I must go to the highest court to seek a writ of certiorari." (Id. at 1). Last, Petitioner moves the Court to order that the Respondent fully answer his Section 2254 petition because Petitioner's "time line was met." (Id.). As noted, Petitioner did indeed participate in the State's post-conviction process and his effort failed before the State court following rejection of his MAR on June 18, 2010, and ultimate rejection by the Court of Appeals on November 28, 2010. Following his efforts before the State court, it was Petitioner's obligation under Section 2254 to comply with the one-year time limitation.

B.  Equitable Tolling

Petitioner does not make an argument for equitable tolling of the statute of limitations. Rather, in response to Respondent's motion to dismiss, after he leveled accusations of a "ploy" by the State to prevent his case from being heard, Petitioner next moved the Court to dismiss his Section 2254 without prejudice so that he can return to State court to litigate the claims that he appears to now recognize are untimely in the present case. (Doc. No. 10). Respondent has filed a response opposing any such relief through a voluntary dismissal contending that Petitioner could have raised the challenges he presents in his Section 2254 petition before the State court prior to

4

filing this habeas proceeding. The Court agrees.

First, Petitioner represented in his habeas petition that he had exhausted his remedies under North Carolina law and his efforts had failed to produce the requested relief. A review of the State record and of Petitioner's habeas petition demonstrates that nothing precluded Petitioner from bringing these arguments to the attention of the State court.

Second, Respondent argues that the Attorney General has expended considerable time and resources in defending the State judgment and in raising the statute of limitation defense in response to Petitioner's out-of-time petition. (Doc. No. 11 at 1). As a general rule, the Rules Governing Section 2254 Cases apply to habeas proceedings. See Rule 1, 28 U.S.C.A. foll. § 2254. However, the Federal Rules of Civil Procedure, "to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, 28 U.S.C.A. foll. § 2254.

The Federal Rules of Civil Procedure provide that a plaintiff may dismiss an action without entry of a court order if the notice of dismissal is filed "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). In the present case, Respondent filed an answer, (Doc. No. 5), a motion to dismiss, (Doc. No. 6), and a thorough memorandum supporting the motion to dismiss. (Doc. No. 7). As the Fourth Circuit has found, "a motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result, and that 'denial of voluntary dismissal is appropriate where summary judgment is imminent.'" Nesari v. Taylor, 806 F. Supp. 2d 848 (E.D. Va. 2011) (quoting Skinner v. First. Am. Bank of Va., No. 93-2493, 1995 WL 507264, at *2 (4th Cir. filed Aug. 28, 1995); citing Davis v. USX Corp., 819 F.2d 1270, 1274 (4th Cir. 1987)).

The Court finds that Petitioner voluntarily and freely sought to have this Court adjudicate whether the finality of his State judgment should be disturbed through this federal habeas proceeding. As provided by the Rules Governing Habeas Cases, the Court ordered the Attorney General to file an answer or response to Petitioner's Section 2254 petition. In the answer and response, Respondent, as is his right to do, asserted the affirmative defense of statute of limitations. That is, Respondent clearly pressed the rights that are expressly set forth in Section 2244(d)(1)(A) (providing for the one-year statute of limitation running from the date Petitioner's state judgment became final).

While Petitioner may contend that some of the claims that he raises in his Section 2254 petition could not have been raised before the State courts, this is not supported by the record and will not serve to avoid this Court's conclusion that his Section 2254 petition is filed well-outside the statute of limitations. For example, in his second ground for relief, Petitioner raises a challenge to the credibility of the testimony of Eduardo McConico, namely, the consistency of his statements to police in the aftermath of the victim's death. (Doc. No. 1 at 8: Ground Two, 18: Ground Five). The substance of these arguments were clearly known to him following the fatal shooting of the victim in his State case, Reginald Reid; through, among other things, his conversations with Petitioner's own friend, McConico; and through examination of the State's discovery in preparation for his State trial. Moreover, Petitioner was present for his trial and his trial counsel had an opportunity to attack the credibility of his statements. In addition, the substance of these arguments was present during the pendency of his direct appeal and through his various state, post-conviction challenges. See, e.g., Black, 678 S.E.2d at 690-93. Petitioner also raises a challenge of prosecutorial misconduct based on his belief that the State presented questionable evidence through the testimony of McConico. (Id. at 14-15) (Ground Three). Again,

6

Petitioner had a full opportunity to impeach McConico's testimony, and his resort to a review of his police trial transcript during his testimony, or whatever efforts the State may have made to allegedly influence his testimony.

The Court finds that the arguments Petitioner now seeks to raise were apparent and should have been explored on challenge, if at all, through the State proceedings. Petitioner's effort to present these arguments is untimely and his petition will be dismissed.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss Petitioner's Section 2254 petition, (Doc. No. 6), is **GRANTED**;

2. Petitioner's Section 2254 petition, (Doc. No. 1), is **DISMISSED** as untimely;

3. Petitioner's Motion to Voluntarily Dismiss his Section 2254 petition, (Doc. No. 10), is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 13, 2013

Robert J. Conrad, Jr.
Chief United States District Judge